NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEREK EVERSON, a married man, *Plaintiff/Appellee*,

*v.*

DAVID TUCCI and JANE DOE TUCCI, husband and wife; 137 ECOR, LLC, an Arizona limited liability company, et al ., *Defendants/Appellants*.

No. 1 CA-CV 20-0202
FILED 12-1-2020

Appeal from the Superior Court in Yavapai County
No.  P1300CV201800555
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

The Cavanagh Law Firm PA, Phoenix
By Kerry M. Griggs, Joshua M. Conway
*Counsel for Plaintiff/Appellee*

Davis Blase Stone & Holder PLLC, Scottsdale
By Greg R. Davis, Robin L. Dugas
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1          David Tucci and 137 ECOR, LLC ("ECOR") (together, "Appellants") argue the superior court erred in granting summary judgment to Derek Everson on Everson's claims for breach of contract. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In December 2015, Tucci and Everson executed a writing titled, "Operating Agreement of 137 ECOR, LLC, an Arizona limited liability company" ("Agreement"). The Agreement contemplated the purchase and development of mobile home lots near Prescott. It provided that Tucci would contribute $1 million to finance the project and have a sixty percent interest in the company and be its managing member. Everson would have a forty percent interest and run the development. After the company acquired the acreage but before it could finish the development, Tucci reconsidered the wisdom of the project, and he eventually sold the property without consulting Everson.

¶3          Everson sued, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, unjust enrichment, fraud, and conversion. Appellants moved for summary judgment on Everson's claims for breach of contract and breach of good faith. Appellants argued that, assuming the Agreement was valid and in force, it allowed Tucci, as manager, to sell the property without Everson's consent because Tucci was a majority owner of the company. Everson filed a cross-motion for summary judgment, arguing that the Agreement allowed the manager of the company to sell the property only with approval of a "majority" of the members.

¶4          The superior court denied Appellants' motion and entered judgment for Everson on his claims that Appellants breached the Agreement (and the covenant of good faith) by selling the property without Everson's consent. The court reasoned that the provision of the Agreement

requiring the consent of a "majority" meant the consent of a majority of the members, not the consent of a member or members who hold a majority interest in the company.

¶5        Tucci moved for reconsideration, arguing for the first time that he did not sign the Agreement.  He also argued the court incorrectly interpreted the contract due to disputed material facts.  The court denied Tucci's motion.

¶6        After the court granted Tucci's motion to dismiss Everson's unjust enrichment, fraud, and punitive damages claims, the remaining claims and the issue of damages went to a jury.  The jury found in favor of Tucci on conversion but awarded Everson $158,576 in contract damages, $427,560 in implied warranty damages, and $20,440 in negligent misrepresentation damages.   The court granted Everson $93,270 in attorneys' fees pursuant to A.R.S. § 12-341.01.

¶7        Tucci filed a timely notice of appeal.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶8        On appeal, Tucci argues only that the superior court erred by entering summary judgment against him based on the language of the Agreement. Summary judgment is appropriate if the moving party is entitled to judgment as a matter of law and there is no genuine dispute as to any material fact.  Ariz. R. Civ. Proc. 56(a); *S & S Paving & Const., Inc. v. Berkley Reg'l Ins. Co.*, 239 Ariz. 512, 514, ¶ 7 (App. 2016).   It is also appropriate where the facts supporting a claim "have so little probative value, given the quantum of evidence required," that no reasonable person could find for its proponent. *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990); *see* Ariz. R. Civ. P. 56(e).  We review questions of law de novo but review the facts in the light most favorable to the party against whom judgment was entered. *See Nelson v. Phx. Resort Corp.*, 181 Ariz. 188, 191 (App. 1994).

¶9        The Agreement gave Tucci, as manager, broad powers to conduct the business of the company, except that it specifically stated that "[t]he affirmative vote of a Majority of the members is required to . . . sell . . . all of the assets, or any part thereof, of the company."  The Agreement did not define "Majority of the members," and Appellants contend that Tucci constituted a majority of the members because he held a majority interest (60%) of the company.

¶10   "A general principle of contract law is that when parties bind themselves by a lawful contract, the terms of which are clear and unambiguous, a court must give effect to the contract as written." *Grubb & Ellis Mgmt. Servs., Inc. v. 407417 B.C., L.L.C.*, 213 Ariz. 83, 86, ¶ 12 (App. 2006). When the terms of a contract are plain, its interpretation is a question of law for the court. *Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 175 Ariz. 273, 277 (App. 1993). "[T]he mere fact that the parties disagree as to its meaning does not establish ambiguity." *Id.*

¶11   Appellants offer no legal authority for their argument that "Majority of the members" in the Agreement meant something other than the phrase's plain meaning, which is a majority of the persons or entities who are members of the company. Moreover, the Agreement specified that there were two members of the company—Tucci and Everson—and specifically stated the percentages of ownership attributed to each of them. If the parties to the Agreement had intended "Majority of the members" to mean "members who hold a majority interest in the company," we presume they would have said so.

¶12   Although Appellants now argue that the reference to "Majority of members" in the Agreement was ambiguous, they waived that contention by failing to timely raise it on summary judgment. *See Sereno v. Lumbermens Mut. Cas. Co.*, 132 Ariz. 546, 549 (1982). In fact, in their summary judgment motion, Appellants argued the Agreement plainly allowed him, as "Majority Member," to sell the property without Everson's consent. Although Appellants' motion for reconsideration argued the Agreement's reference to "majority" was ambiguous, we generally do not consider arguments raised for the first time in a motion for reconsideration. *Powers v. Guar. RV, Inc.*, 229 Ariz. 555, 561, ¶ 24 (App. 2012).

¶13   Appellants also argue that there were really three members of the company: Everson, Tucci, and Tucci's trust. Appellants contend Tucci formed the company using his trust before any of the events at issue here, so that Everson effectively joined him and the trust as members in connection with the contemplated land transaction. Appellants thus argue that the required consent of the "Majority" of those three members was met because Tucci and his trust both approved of his sale of the property. But Appellants have waived this contention by failing to raise it in opposition to Everson's motion for summary judgment. In any event, their assertion flies in the face of the plain language of the Agreement, which stated, "[t]he initial members of the company shall be David Tucci and Derek Everson," without any mention of any trust.

¶14          Finally, Appellants argue that the superior court's summary judgment ruling left many remaining issues about how the Agreement should be interpreted.  Appellants have not shown, however, that any of those issues were material to the issue on which Everson's contract claims turned, namely, whether the Agreement barred Tucci from selling the property without Everson's consent.  Factual disputes do not preclude summary judgment if the disputed facts are not material.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To be material, a fact must "affect the outcome of the suit under the governing law."  *Id.*  The superior court correctly determined Everson was entitled to judgment as a matter of law because there was no genuine dispute as to any material fact.  *See S & S Paving*, 239 Ariz. at 514, ¶ 7; Ariz. R. Civ. P. 56(a).

## ATTORNEYS' FEES

¶15          We deny Appellants' request for attorneys' fees pursuant to A.R.S. § 12-341.01 because they did not prevail.  We award Everson his costs on appeal, contingent upon compliance with Arizona Rule of Appellate Procedure 21.  *See* A.R.S. § 12-341.

## CONCLUSION

¶16          For the reasons stated above, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA